UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: DAVID C. KAPLA,                          Civil Case No. 13-13095
                                                Honorable Patrick J. Duggan
      Debtor.
_____

DAVID C. KAPLA,

      Plaintiff-Appellant,

v.

FEDERAL NATIONAL MORTGAGE                       Chapter 7 Bankruptcy Case
ASSOCIATION,                                    No. 11-68878/Adversary No.
                                                12-4000
      Defendant-Appellee,

and

FEDERAL HOUSING FINANCE AGENCY,

      Intervenor.
_____/

## OPINION AND ORDER

      This matter is before the Court as an appeal from the United States Bankruptcy Court for the Eastern District of Michigan. Plaintiff-Appellant David C. Kapla ("Kapla") appeals the Honorable Phillip J. Shefferly's December 14, 2012 opinion and order granting a motion to dismiss filed by Defendant-Appellee Federal National Mortgage Association ("Fannie Mae") and Intervenor Federal

Housing Finance Agency ("FHFA"), and Judge Shefferly's January 2, 2013 opinion and order denying Kapla's motion for reconsideration. After extensions of the briefing schedule, Kapla filed his appellant brief on September 13, 2013; Fannie Mae and FHFA filed their appellee brief on October 8, 2013. Kapla had until October 29, 2013 to file a reply brief, no brief was filed. On January 29, 2014, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the matter pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Standard of Review

Under 28 U.S.C. § 158(a)(1), federal district courts have "jurisdiction to hear appeals . . . from final judgments, orders, and decrees" of the bankruptcy court. The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. Fed. R. Bankr. P. 8013. The bankruptcy court's conclusions of law are reviewed *de novo*. *Nuvell Credit Corp. v. Westfall (In re Westfall)*, 599 F.3d 498, 501 (6th Cir. 2010). The bankruptcy court's ruling on a motion to dismiss is a legal determination to which *de novo* review is applied. *In re Grenier*, 430 B.R. 446, 449 (E.D. Mich. 2010).

## Factual and Procedural Background

On June 24, 1994, Kapla obtained a $90,000.00 loan from D&N Bank, FSB,

for the purchase of real property located at 36419 Avondale Street, Westland, Michigan ("Property"). As security for the loan, Kapla granted a mortgage on the Property to the bank. D&N Bank assigned the mortgage to Bank of America, N.A. ("BANA") on July 17, 2000. At some point in time, Fannie Mae acquired the loan and BANA serviced the loan on its behalf.

Kapla subsequently defaulted on the loan. In his complaint filed in the adversary proceeding, Kapla alleged that he sought refinancing through BANA and Fannie Mae, but neither entity would engage in good faith discussions with him. BANA then initiated proceedings to foreclose on the Property pursuant to Michigan's foreclosure-by-advertisement statute. A sheriff's sale was held on September 15, 2010, where BANA purchased the Property for $44,439.65 and a sheriff's deed on mortgage sale was executed.

On May 2, 2011, BANA conveyed its interest in the Property to Fannie Mae via a quit claim deed. On September 15, 2011, the redemption period expired with respect to the Property. Fannie Mae then initiated summary proceedings to evict Plaintiff from the Property in the 18th Judicial District Court of Michigan. A default judgment of possession was entered on October 14, 2011.

On November 7, 2011, Kapla filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan ("bankruptcy

court"). The matter was assigned to the Honorable Phillip J. Shefferly. On November 14, 2011, Fannie Mae filed a motion in the bankruptcy case seeking relief from the automatic stay to enforce its rights in the Property. Judge Shefferly granted Fannie Mae's request on the record, and entered an order reflecting his decision on December 15, 2011. Kapla subsequently converted his bankruptcy case from Chapter 13 to Chapter 7.

On January 1, 2012, Kapla filed an adversary proceeding against Fannie Mae. In his complaint, Kapla asserted that Fannie Mae is a government actor and that its actions with respect to the Property deprived Kapla of his rights to equal protection and due process under the United States Constitution. Kapla therefore sought to set aside the foreclosure sale of the Property and requested a money judgment under 42 U.S.C. § 1983 for violations of his constitutional rights.

Kapla and Fannie Mae thereafter stipulated to the intervention of FHFA as a defendant in the adversary proceedings. The parties' stipulation explained that FHFA was appointed as Fannie Mae's conservator on September 6, 2008, pursuant to the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4617, and the Federal Housing Enterprises Financial Safety and Soundness Act of 1992, 12 U.S.C. §§ 4501-4642. As its conservator, FHFA succeeded to all of the rights, titles, powers and privileges of Fannie Mae, including the right to sue and be sued

in federal court. Judge Shefferly entered an order permitting FHFA to intervene on April 27, 2012.

FHFA and Fannie Mae (hereafter "Appellees") then filed a motion to dismiss the adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6). Appellees argued first that Kapla's complaint depended on Fannie Mae being a "government actor," that Fannie Mae is not a government actor, and that FHFA's appointment as conservator of Fannie Mae did not transform Fannie Mae into a government actor. Second, Appellees argued that even if Fannie Mae is a government actor, its compliance with Michigan's foreclosure-by-advertisement procedures satisfied the requirements of the due process clause. Appellees further argued that the *Rooker-Feldman* doctrine[1] and principles of *res judicata* barred Kapla from relitigating issues decided by the State's district court. Lastly, Appellees contended that Kapla lacked standing to challenge the foreclosure sale of the Property once the redemption period expired.

On December 14, 2012, Judge Shefferly issued a decision granting Appellees' motion. Judge Shefferly concluded that the *Rooker-Feldman* doctrine

---

[1] Based on the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150 (1923).

bars Kapla's claims attacking the foreclosure of the Property and his eviction from the Property (Counts I and II of the complaint).  Judge Shefferly concluded that some of Kapla's allegations of misconduct by Fannie Mae were not related to the state court proceedings and therefore were not barred by this doctrine.  Nevertheless, he held that Fannie Mae is not a government actor and thus cannot be found liable for violating Kapla's alleged constitutional rights.

Kapla filed a motion for reconsideration with respect to this decision, which Judge Shefferly denied on January 2, 2013.  Kapla thereafter filed a notice of appeal on January 15, 2013.  The notice of appeal and bankruptcy court record were received by this Court on July 18, 2013.  This Court thereafter entered a scheduling order which, after being extended several times upon the parties' stipulated requests, established the following briefing deadlines: Appellant Brief due by 9/11/2013; Appellee Brief due by 10/8/2013; and Appellant Reply Brief due by 10/29/2013.  As set forth earlier, Kapla filed his brief on September 13, 2013, and Appellees filed their brief on October 8, 2013.  This Court issued a notice disposing of oral argument with respect to this bankruptcy appeal on January 29, 2014.

## Parties' Arguments on Appeal

In his brief, Kapla argues that the *Rooker-Feldman* doctrine did not bar his

claims challenging the foreclosure and eviction proceedings because such proceedings were conducted in violation of his due process rights.  Kapla argues that his constitutional due process rights were violated because Fannie Mae in fact is a government actor as a result of FHFA's conservatorship.  To support his argument that Fannie Mae is a government actor when foreclosing on property, Kapla relies on two unpublished Michigan court decisions: *Fannie Mae v. Everingham*, No. 12-1286 (Ingham Cnty. Dist. Ct. Apr. 9, 2013), and *Fannie Mae v. Kelley*, No. 12-000885 (Ingham Cnty. Cir. Ct. Feb. 12, 2013).

In response, Appellees point out that Kapla's appeal is dependent on the Court concluding that Fannie Mae is a government actor.  Appellees contend that Fannie Mae is not, even as a result of FHFA's conservatorship.  Even if Fannie Mae is deemed a government actor, Appellees further contend that the bankruptcy court properly granted their motion to dismiss because Michigan's foreclosure-by-advertisement statute satisfies the Due Process Clause's requirements and Fannie Mae complied with the statute.

## Applicable Law and Analysis

It is well-established that constitutional claims cannot be maintained absent state action.  *Pub. Utils. Comm'n v. Pollak*, 343 U.S. 451, 461, 72 S. Ct. 813, 820 (1952) ("the First and Fifth Amendments to the Constitution of the United States ...

concededly apply to and restrict only the Federal Government and not private persons); *Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 25 (6th Cir. 1975) ("[A] predicate to finding a due process violation is a finding of state action."). It also is wellestablished that prior to FHFA's conservatorship, Fannie Mae was not considered a government actor. *See Herron v. Fannie Mae*, 857 F. Supp. 2d 87, 92, 93 n.7 (D.D.C. 2012) (citing cases). The federal courts that have addressed the issue have concluded that Fannie Mae's status has not changed as a result of FHFA's conservatorship. *See, e.g., id*. at 94-96; *Fannie Mae v. Mandry*, No. 12-13236, 2013 WL 687056, at *4-5 (E.D. Mich. Feb. 26, 2013) (Edmunds, J.) (citing cases); *Bernard v. Fannie Mae*, No. 12-14680, 2013 WL 1282016, at *4-5 (E.D. Mich. Mar. 27, 2013) (Cohn, J.); *In re Hermiz*, No. 13-11199, 2013 WL 3353928, at *2 (E.D. Mich. July 3, 2013) (Steeh, J.); *Parra v. Fannie Mae*, No. 13-4031, 2013 WL 5638824, at *3 (C.D. Cal. Oct. 16, 2013); *Matveychuk v. One West Bank, FSB*, No. 1:13-cv-3464, 2013 WL 6871981, at *5 (N.D. Ga. Dec. 19, 2013).

As the District Court for the District of Columbia reasoned in *Herron*, when FHFA serves as conservator, it simply " 'steps into the shoes' of the private corporation, Fannie Mae." 857 F. Supp. 2d at 94 (quoting *O'Melveny & Meyers v. FDIC*, 512 U.S. 79, 86-87, 114 S. Ct 2048, 2054 (1994)). Further, "a conservatorship is by nature temporary," and therefore the third prong required to

find that an entity is a federal actor for the purpose of a constitutional claim is not satisfied. *Herron*, 857 F. Supp. 2d at 95-96 (referring to the three elements required to find that a corporation is part of the federal government, as set forth by the Supreme Court in *Lebron v. Nat'l R.R. Passenger Corp.*, 413 U.S. 374, 400, 115 S. Ct. 961, 974-75 (1995)).[2] This Court agrees, and for this reason rejects the Ingham County District and Circuit Courts' decisions in *Kelley* and *Everingham* on which Kapla relies.

For the above stated reasons, and the reasons set forth by the federal courts that already decided the issue, this Court concludes that Judge Shefferly correctly concluded that Fannie Mae is not a federal actor.

## Conclusion

Having found that Fannie Mae is not a federal actor, the Court holds that the bankruptcy court committed no error in dismissing Kapla's due process claims. Further, because Fannie Mae did not violate Kapla's due process rights, he has stated no basis for finding error in the bankruptcy court's conclusion that the

---

[2]The Supreme Court concluded in *Lebron* that a "[a] corporation is part of the federal government when [1] Congress created the entity 'by special law, [2] for the furtherance of governmental objectives, and [3] retained for itself *permanent* authority to appoint a majority of the directors of that corporation.'" *Herron*, 857 F. Supp. 2d at 92 (quoting *Lebron*, 513 U.S. at 400, 115 S. Ct. at 974-75) (emphasis added here).

*Rooker-Feldman* doctrine bars his claims relating to the foreclosure and eviction proceedings.

Accordingly,

**IT IS ORDERED**, that the bankruptcy court's December 14, 2012 opinion and order granting the motion to dismiss filed by Fannie Mae and FHFA, and January 2, 2013 order denying Kapla's motion for reconsideration are

**AFFIRMED**.

Dated: January 30, 2014          s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:
Stuart Sandweiss, Esq.
Asim Varma, Esq.
Brian C. Summerfield, Esq.
Jill M. Wheaton, Esq.
Laura C. Baucus, Esq.
Jong-Ju Chang, Esq.

Honorable Phillip J. Shefferly